IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ALAN EUGENE MILLER,            )
                              )
          Plaintiff,           )
                              )
     v.                        )        CASE NO. 2:22-cv-506-RAH
                              )
JOHN Q. HAMM, Commissioner,    )
Alabama Department of Corrections, )
*et al.*,                      )
                              )
          Defendants.          )

## ORDER

Before the Court are the Plaintiff's Motion for Expedited Discovery (doc. 32),

the Defendants' Response in Opposition (doc. 33), and the Plaintiff's Reply (doc.

34).  The Court has considered the scope of the Plaintiff's requested discovery, the

timing of the motion[1], the burden such discovery would impose on the Defendants

and the Plaintiff under an expedited schedule, as well as the Court's need for the

information, all with an eye towards the Plaintiff's execution by lethal injection set

---

[1] The Court is troubled by the Plaintiff's apparent delay in filing this motion (*see* doc. 32), as well as the delay in initiating this lawsuit.  The lawsuit could have been brought as early as April 19, 2022, when the State of Alabama moved to set Plaintiff's execution.  Indeed, on May 10, 2022, Plaintiff even signed an affidavit stating that he had previously elected execution by nitrogen hypoxia, thereby signifying his and his legal counsel's affirmative knowledge as of that date of an issue involving his method of execution.  Yet, the Plaintiff and his legal counsel sat still as it concerned a federal lawsuit.  Instead, it was not until August 22, 2022, a mere 30 days before the execution date, that Plaintiff finally filed his lawsuit.  And as to his discovery requests which he now seeks to have responses from the Defendants on an expedited basis, Plaintiff waited even later.  Instead, he filed his motion for expedited discovery at approximately 9:00 pm, on Friday, September 2, 2022, a mere 10 days before the scheduled preliminary injunction hearing.  A more prudent course would have been to file the lawsuit much earlier than Plaintiff did and to file a motion for expedited discovery along with the Complaint.  Unfortunately, for everyone involved, Plaintiff did not do so.  Now, the Court and the Defendants are faced with a severely compacted window of time to handle discovery matters and resolve the Plaintiff's motion for preliminary injunction.

for September 22, 2022, and the upcoming preliminary injunction hearing on September 12, 2022.

Accordingly, upon consideration of the motion (doc. 32) and the responses (docs. 33, 34), and for good cause, it is ORDERED as follows:

1.     The Plaintiff's motion is GRANTED IN PART to the extent set out in this Order and DENIED in all other respects.

2.     The Defendants shall produce responses to the following discovery requests (docs. 32-1, 32-2 and 32-3) as soon as the responses are ready but **no later than midnight, September 9, 2022**:

a. Interrogatories (doc. 32-2);

b. Requests for Admission (doc. 32-3);

c. Requests for Production of Documents (doc. 32-1) as agreed upon by the Defendants per pages 5-6 of their Response, (doc. 33 at 5–6).  To the extent the Defendants are unable to provide all responsive and the agreed upon documents to the Plaintiff by the midnight, September 9, 2022, deadline, the Defendants shall continue their efforts to locate such documents and shall produce them on a continued roll-out basis as the documents are located; and

d. Documents or communications regarding the Plaintiff's election of nitrogen hypoxia (for example, regarding any attempts to locate the

Plaintiff's election form) that can be located and produced with a reasonable effort, with a rolling production as other documents become available.

3.     The Plaintiff shall produce the following as soon as the following documents are ready but **no later than midnight, September 9, 2022**:

a.  Any and all documents or materials in the Plaintiff's possession (or of which he becomes aware) relating to the Plaintiff's claims in this lawsuit or his request for a preliminary injunction; and

b.  Any and all documents or materials the Plaintiff intends to produce at the September 12, 2022, hearing.

4.  Nothing contained in this Order shall be interpreted as an order from this Court that a bona fide objection to any of the discovery requests should not be made or that such an objection has been or will be overruled.  To the contrary, the parties are permitted to lodge what they deem are the proper and appropriate objections to any requested discovery, just as they would during the course of discovery on a non-expedited basis.

DONE, on this the 6th day of September, 2022.

_____ /s/ R. Austin Huffaker, Jr._____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE