# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ALAN EUGENE MILLER,<br><br>*Plaintiff*,<br><br>v.<br><br>JOHN Q. HAMM, COMMISSIONER OF ALABAMA DEPARTMENT OF CORRECTIONS; TERRY RAYBON, HOLMAN WARDEN; and STEVE MARSHALL, ALABAMA ATTORNEY GENERAL.<br><br>*Defendants*. | Civil Action.: 2:22-cv-00506-RAH<br><br>**CAPITAL CASE** |

## PLAINTIFF'S SECOND SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Alan Eugene Miller ("Plaintiff") propounds the following interrogatories on Defendants John Q. Hamm ("Defendant Hamm"), Terry Raybon ("Defendant Raybon") and Steve Marshall ("Defendant Marshall").

## DEFINITIONS AND INSTRUCTIONS

Each word or term used in these Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. Furthermore, these Interrogatories shall be interpreted by reference to the definitions set forth below.

1. "Communication" or "communications" shall mean any oral, written or otherwise non-verbal, or electronic expression of information, opinion, words or data and evidence thereof, no matter how those pieces of information, opinion, words, or data and evidence thereof is stored, memorialized, or fixed; including text messages, instant messages, voice messages, and the like. These terms are further intended to include, without limitation, any summaries, reviews, reports, notes, logs, journals, minutes, or outlines concerning or memorializing the transmittal of information, opinion, words, or data.

2. "Document" or "documents" is used in its broadest sense and is meant to include all items encompassed by Rule 34 of the Federal Rules of Civil Procedure, including every original (or identical copy if an original is unavailable), and every draft or copy that differs in any way from the original, or every writing, communication, recording (*e.g.*, photograph, videotape, audiotape) or other tangible expression, whether handwritten, typed, drawn, sketched, printed, or recorded by any physical, mechanical, electronic, or electrical means whatsoever, including e-mail, text message, and other electronically stored information, and shall be construed to the fullest extent. The term "document" or "documents" shall be construed to include "communication" or "communications" as defined above.

3. "Death Row" shall refer to the housing of inmates at Holman who are subject to an execution sentence..

4. "Defendant Hamm" shall mean Commissioner John Q. Hamm, Commissioner of the Alabama Department of Corrections, and any agent, representative, or person acting on his behalf, excluding his attorneys in this Litigation.

5. "Defendant Raybon" shall mean Terry Raybon, Warden of Holman Correctional Facility, and any agent, representative, or person acting on his behalf, excluding his attorneys in this Litigation.

6. "Defendant Marshall" shall mean Steve Marshall, Attorney General of the State of Alabama and any agent, representative, or person acting on his behalf, excluding his attorneys in this Litigation.

7. "Defendants" shall mean John Q. Hamm, Terry Raybon, and Steve Marshall, and any agents, representatives, or persons or entities acting on behalf of or working in concert with Defendants.

8. "Each" shall mean each and every; "every" means each and every.

9. "Execution" shall mean Defendants' attempted execution of Plaintiff via lethal injection on September 22, 2022.

10. "Execution chamber" shall refer to the area at Holman Correctional Facility where executions by lethal injection are carried out, including any adjoining spaces where Defendants can witness the execution.

11. "Execution team" shall refer to the team referenced, among other places, in Sections V-VI of the State of Alabama's Execution Procedures, filed as Plaintiff's Exhibit 5 in *Miller v. Hamm et al.*, 22-cv-00506-RAH, Dkt. 52-1 (M.D. Ala.) and available at AM1983_0023 - AM1983_0039.

12. "Holman" shall mean Holman Correctional Facility in Atmore, Alabama.

13. "IV team" shall refer to the team referenced, among other places, in Section V and Annex C of the State of Alabama's Execution Procedures, filed as Plaintiff's Exhibit 5 in *Miller v. Hamm et al.*, 22-cv-00506-RAH, Dkt. 52-1 (M.D. Ala.) and available at AM1983_0023 - AM1983_0039. The IV team includes all individuals, whether or not employees of the Alabama Department of Corrections, who played any role in examining Plaintiff's veins for the purpose of the lethal injection execution, or who attempted to establish, or evaluated the process of establishing, veinous access during the execution itself.

14. "Including" shall mean including, but not limited to.

15. "Litigation" shall mean the above-captioned action.

16. "Plaintiff" shall mean Plaintiff, Alan Eugene Miller, and any agent or other person acting on his behalf, excluding his attorneys in this Litigation.

17. "Plaintiff's execution" and "execution" refers to the attempt to execute Plaintiff Alan Eugene Miller on September 22, 2022 at Holman Correctional Facility.

18. "Person" shall mean any natural person, living or deceased, or any other entity of any kind.

19. "Policy" or "Policies" shall refer to all formal and informal protocols, policies, practices, procedures, rules, and guidelines.

20. "Outside security team" refers to the team referenced in Section VI of the State of Alabama's Execution Procedures, filed as Plaintiff's Exhibit 5 in *Miller v. Hamm et al.*, 22-cv-00506-RAH, Dkt. 52-1 (M.D. Ala.) and available at AM1983_0023 - AM1983_0039.

21. "Relating to" and "concerning" shall mean relating to, regarding, referring to, pertaining to, describing, evidencing, constituting, demonstrating, or concerning.

22. The words "and" and "or" shall be construed conjunctively or disjunctively rather than exclusively. The word "including" shall be construed without limitation.

23. The singular includes the plural and vice versa.

24. Each paragraph and subparagraph of these Interrogatories shall be construed independently, and no other paragraph or subparagraph shall be referred to or relied on for the purpose of limiting the scope.

25. Defendants shall promptly supplement its response to these Interrogatories whenever any responsive information not previously produced becomes known.

26. If in answering these Interrogatories Defendants claim any ambiguity in interpreting either an individual request or a definition or instruction applicable thereto, Defendants shall not use such claims as a basis for refusing to respond, but shall state them as part of the response to the language deemed to be ambiguous and identify the interpretation chosen or used as a basis for the response provided.

27. Each Interrogatory is addressed to the personal knowledge of each Defendant, as well as to the knowledge or information of Defendants' attorneys, representatives, and agents. When a question is directed to Defendants, the question is also directed to the aforementioned Persons.

28. Defendants may elect to produce Documents and business records in response to any of the Interrogatories. If Defendants elect to do so, Defendants must provide information in sufficient detail that would allow Plaintiff to readily locate and identify each page of the Documents or business records from which the answer may be ascertained. Defendants may identify documents by Bates numbering them and providing the Bates number for each specific page.

29. If Defendants assert privilege as a ground for failing to answer any Interrogatory, Defendant should respond to that part of such Interrogatory that, in Defendants' view, does not allegedly seek privileged information or communications. For each Interrogatory, or portion thereof, for which Plaintiff claims privilege, Defendant should describe the factual basis for the privilege claim in sufficient detail to permit adjudication of the validity of that claim.

30. Each paragraph and subparagraph of these Interrogatories shall be construed independently, and no other paragraph or subparagraph shall be referred to or relied on for the purpose of limiting the scope.

31. These Interrogatories shall be construed as continuing. Defendants shall promptly supplement their response whenever any responsive information not previously produced becomes known.

**PLAINTIFF'S SECOND SET OF INTERROGATORIES**

1. Identify at what time Defendants learned of the U.S. Supreme Court's decision vacating the District Court's preliminary injunction in this matter, and what time the individual(s) identified in response to Interrogatory No. 2 made the decision to proceed with the Execution.

2. Identify who made the decision to proceed with Plaintiff's Execution after receiving news of the U.S. Supreme Court's decision vacating the District Court's preliminary injunction.

4

3. Identify all individuals who entered the execution chamber from the commencement of Plaintiff's Execution until its conclusion and explain their roles in Plaintiff's Execution.

4. Identify all individuals who comprised of the execution team for Plaintiff's Execution and their respective roles in Plaintiff's Execution.

5. Identify all individuals who visually inspected Plaintiff's body for purposes of finding a vein for lethal injection, either before, during, or after Plaintiff's Execution.

6. Identify the number of times Plaintiff's body was punctured with a needle during the Execution and the locations of each puncture.

7. Identify who made the decision to stop the Execution on September 22, 2022.

8. Identify all individuals who comprised the outside security team for Plaintiff's Execution.

9. Identify and describe the process, including any and all selection criteria, that the Office of the Alabama Attorney General employs in determining when the Office moves the Alabama Supreme Court to set an execution date for an inmate on death row.

10. Identify when the protocols regarding executions by nitrogen hypoxia will be finalized.

11. Identify when executions by nitrogen hypoxia will be ready for use on a death row inmate.

12. Identify and explain whether Defendants are planning to execute Plaintiff by lethal injection again or by nitrogen hypoxia.

Dated: October 7, 2022                    Respectfully submitted,

*/s/ J. Bradley Robertson*
J. Bradley Robertson
Bradley Arant Boult Cummings LLP
One Federal Plaza
1819 5th Ave. N., Birmingham, AL 35203
Tel: (205) 521-8188
Fax: (205) 488-6188

        Email: brobertson@bradley.com

        Daniel J. Neppl
        Kelly Huggins
        Mara E. Klebaner
        Stephen Spector
        SIDLEY AUSTIN LLP
        One South Dearborn
        Chicago, IL 60603
        Tel: (312) 853-7000
        Fax: (312) 853-7036
        Email: dneppl@sidley.com
        Email: khuggins@sidley.com
        Email: mklebaner@sidley.com
        Email: sspector@sidley.com


        Marisol Ramirez
        SIDLEY AUSTIN LLP
        555 West Fifth Street
        Suite 4000
        Los Angeles, CA
        Tel: (213) 896-6000
        Fax: (213) 896-6600
        Email: marisol.ramirez@sidley.com

        *Attorneys for Plaintiff Alan Eugene Miller*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on October 7, 2022, I served a copy of the foregoing by email to attorneys of record.

*/s/ J. Bradley Robertson*
J. Bradley Robertson
