# Exhibit B

FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ALAN EUGENE MILLER, | IN THE UNITED STATES DISTRICT COURT |
| *Plaintiff*, | Civil Action.: 2:22-cv-00506-RAH |
| v. | |
| JOHN Q. HAMM, COMMISSIONER OF ALABAMA DEPARTMENT OF CORRECTIONS; TERRY RAYBON, HOLMAN WARDEN; and STEVE MARSHALL, ALABAMA ATTORNEY GENERAL. | CAPITAL CASE |
| *Defendants*. | |

**PLAINTIFF'S SECOND REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Alan Eugene Miller ("Plaintiff") requests that Defendants John Q. Hamm ("Defendant Hamm"), Terry Raybon ("Defendant Raybon") and Steve Marshall ("Defendant Marshall") produce the documents listed herein in the manner set by Rule 34.

The definitions, instructions, and rules of construction set forth in Rule 34 of the Federal Rules of Civil Procedure are hereby incorporated by reference into, and expressly made part of, each and every Request contained herein.

**DEFINITIONS**

Each word or term used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. Furthermore, these Requests shall be interpreted by reference to the definitions set forth below.

1.      "Communication" or "communications" shall mean any oral, written or otherwise non-verbal, or electronic expression of information, opinion, words or data and evidence thereof, no matter how those pieces of information, opinion, words, or data and evidence thereof is stored, memorialized, or fixed; including letters, e-mails, text messages, instant messages, voice

messages, phone call logs, electronically stored information, and the like. These terms are further intended to include, without limitation, any summaries, reviews, reports, notes, logs, journals, minutes, or outlines concerning or memorializing the transmittal of information, opinion, words, or data.

2. "Document" or "documents" is used in its broadest sense and is meant to include all items encompassed by Rule 34 of the Federal Rules of Civil Procedure, including every original (or identical copy if an original is unavailable), and every draft or copy that differs in any way from the original, or every writing, communication, recording (*e.g.*, photograph, videotape, audiotape) or other tangible expression, whether handwritten, typed, drawn, sketched, printed, or recorded by any physical, mechanical, electronic, or electrical means whatsoever, including e-mail, text message, and other electronically stored information, and shall be construed to the fullest extent. The term "document" or "documents" shall be construed to include "communication" or "communications" as defined above.

3. "Death Row" shall refer to the housing of inmates at Holman Correctional Facility who are subject to a sentence of execution.

4. "Defendant Hamm" shall mean Commissioner John Q. Hamm, Commissioner of the Alabama Department of Corrections, and any agent, representative, or person acting on his behalf, excluding his attorneys in this Litigation.

5. "Defendant Raybon" shall mean Terry Raybon, Warden of Holman Correctional Facility, and any agent, representative, or person acting on his behalf, excluding his attorneys in this Litigation.

6. "Defendant Marshall" shall mean Steve Marshall, Attorney General of the State of Alabama and any agent, representative, or person acting on his behalf, excluding his attorneys in this Litigation.

7. "Defendants" shall mean John Q. Hamm, Terry Raybon, and Steve Marshall, and any agents, employees, representatives, or persons or entities acting on behalf of or working in concert with Defendants.

8. "Each" shall mean each and every; "every" means each and every.

9. "Execution team" shall refer to the team referenced, among other places, in Sections V-VI of the State of Alabama's Execution Procedures, filed as Plaintiff's Exhibit 5 in *Miller v. Hamm et al.*, 22-cv-00506-RAH, Dkt. 52-1 (M.D. Ala.) and available at AM1983_0023 - AM1983_0039.

10. "Governor Kay Ivey" shall refer to the Governor of Alabama, and any agent, representative, or person acting on her behalf or on behalf of the Office of the Governor of Alabama.

11. "Holman" shall mean Holman Correctional Facility in Atmore, Alabama.

12. "Including" shall mean including but not limited to.

13. "IV team" shall refer to the team referenced, among other places, in Section V and Annex C of the State of Alabama's Execution Procedures, filed as Plaintiff's Exhibit 5 in *Miller v. Hamm et al.*, 22-cv-00506-RAH, Dkt. 52-1 (M.D. Ala.) and available at AM1983_0023 - AM1983_0039. The IV team includes all individuals, whether or not employees of the Alabama Department of Corrections, who played any role in examining Plaintiff's veins for the purpose of the lethal injection execution, or who attempted to establish, or evaluated the process of establishing, veinous access during the execution itself.

14. "Litigation" shall mean the above-captioned action.

15. "Plaintiff" shall mean Plaintiff, Alan Eugene Miller, and any agent or other person acting on his behalf, excluding his attorneys in this Litigation.

16. "Plaintiff's Execution" and "Execution" shall refer to the attempt to execute Plaintiff Alan Eugene Miller on September 22, 2022 at Holman Correctional Facility.

17. "Person" shall mean any natural person, living or deceased, or any other entity of any kind.

18. "Policy" or "Policies" shall refer to all formal and informal protocols, policies, practices, procedures, rules, and guidelines.

19. "Relating to" and "concerning" shall mean relating to, regarding, referring to, pertaining to, describing, evidencing, constituting, demonstrating, or concerning.

## INSTRUCTIONS

1. These Requests should be construed in the broadest possible manner consistent with, and the responses thereto are governed by, the Federal Rules of Civil Procedure.

2. These Requests call for the production of all documents requested below that are in the possession, custody, or control of any Defendant, or anyone else acting on their behalf, regardless of location.

3. The Requests call for the production of all documents and communications requested below that were created, transmitted, used, edited, or amended between February 1, 2018, and today's date.

4. Identify, by number, the document request or requests pursuant to which you are producing each document.

5. As used herein, the feminine gender of any word includes the masculine and the neuter, and the masculine of any word includes the feminine and the neuter.

6. The past tense of any verb used herein includes the present tense, and the present tense includes the past tense.

7. The words "and" and "or," where circumstances so permit, shall be construed either conjunctively or disjunctively to bring within the scope of these Requests any documents that might otherwise be considered outside that scope.

8. The fact that a document is produced by another party does not relieve the Defendants of their obligation to produce their copy of the same document, even if the two documents are identical.

9. If the responding party perceives any ambiguities in a Request, instruction, or definition, set forth the matter deemed ambiguous and the construction used in answering.

10. If the responding party objects to any part of a Request, answer all parts of such Request to which no objection is made and, as to each part to which an objection is made, set forth the basis for the objection with specificity.

11. Documents shall be produced as they are kept in the usual course of business or organized and labeled to correspond with each numbered Request in response to which such documents are produced.

12. To the extent Defendants learn in the course of their search and production of documents in response to these Requests that a specific, non-duplicative document that was in its possession, custody or control but no longer exists, Defendants shall make reasonable, good faith efforts to advise Plaintiff's counsel of the nature of the document and its disposition.

13. Whenever e-mails are responsive to these Requests, any attachments to such messages should be produced, in sequence, together with the email to which they were attached.

14. Whenever text messages are responsive to these Requests, those messages shall be produced in whatever format they were originally sent, including texted audio files, images, videos, etc.

15. Electronically stored information shall be produced in the format and manner to be agreed upon by the parties.

16. For each document or electronically stored information, if any, called for by a Request and withheld on grounds of privilege or on some other basis, Defendants shall provide, consistent with applicable federal and local rules of procedure and evidence, a privilege log that lists and describes the document or electronically stored information not produced and explains the grounds for asserting why Defendants believe the document or electronically stored information is privileged, consistent with the Fed. R. Civ. P. 26(b).

17. Where a claim of privilege is asserted in objecting to any document demand, or subpart thereof, produce all requested documents that are not privileged. As to each document which you claim is privileged, provide a privilege log clearly identifying each such document, including the following information:

    a. Whether the attorney-client communication privilege, the work-product doctrine, or another form of privilege provides the basis for withholding the document;

    b. The type of document being withheld (letter, memo, etc.), the number of pages in the document, the specific request to which the document is responsive, and the general subject matter;

    c. The purpose for the creation of the document;

    d. The date of the document;

    e. The name of the author and the author's capacity;

    f. The names of all recipients (including copy recipients) and the recipients' capacities; and

    g. A detailed and specific explanation of all of the reasons why you contend that the document is privileged or immune from discovery, including a clear statement of all factual and legal grounds for withholding each document.

18. These Requests are continuing in nature. If Defendants identify and/or obtains further responsive documents before trial, he is requested to supplement their answers promptly consistent with Fed. R. Civ. P. 26(e).

## REQUESTS FOR PRODUCTION

1. All communications and documents in Defendants' possession concerning Plaintiff's Execution from April 19, 2022 to the present date.

2. All communications and documents in Defendants' possession concerning the process used to select medical professionals to serve on the IV team for Plaintiff's Execution.

3. All documents relating to any medical license, degree, training, or related certificate belonging to the individuals on the IV team for Plaintiff's Execution.

4. All communications and documents in Defendants' possession concerning whether or not the State of Alabama was ready to proceed with an execution by nitrogen hypoxia on September 22, 2022, as Defendant Hamm addressed in his September 15, 2022 affidavit in this litigation.

5. All communications and documents in Defendants' possession concerning whether or not the State of Alabama was ready to proceed with an execution by lethal injection on September 22, 2022, as Defendant Hamm addressed in his September 15, 2022 affidavit in this litigation.

6. All communications and documents in Defendants' possession concerning whether or not the State of Alabama was ready to proceed with an execution by lethal injection on Plaintiff specifically on September 22, 2022.

7. All communications and documents sent to, or sent from, members of the IV team for Plaintiff's execution, that in any way relate to Plaintiff's Execution, from April 19, 2022 to the present date.

8. All communications from or to Defendants and Governor Kay Ivey relating to Plaintiff's Execution, from April 19, 2022 to the present date.

9. All medical charts, reports, and notes that were prepared, relied upon, or documented by Defendants—or any medical professional associated with Defendants—in relation to Plaintiff's Execution.

10. All medical equipment used or relied upon to carry out Plaintiff's Execution on September 22, and to attend to Plaintiff in the early morning hours of September 23, including but not limited to:s the execution gurney and all of its associated straps and appendages; syringes; needle shields; swabs; scalpels; IV-lines; adhesive tape; EKG stickers; bandages; torniquets; numbing cream; disinfectant; gauze; and whatever materials were used to clean the blood off of Plaintiff's body.

11. The settlement agreement entered into by the now-deceased Doyle Hamm, and Jefferson S. Dunn, the former Commissioner of the Alabama Department of Corrections, Cynthia Stewart, the former Warden of Holman Correctional Facility, and Leon Bolling, the former Warden of Donaldson Correctional Facility, in the case captioned *Hamm v. Dunn et al.,* 17-cv-02083-KOB (N.D. Ala.).

12. The State of Alabama's complete, unredacted set of protocols and procedures regarding executions by lethal injection.

13. The State of Alabama's complete, unredacted set of protocols and procedures regarding executions by nitrogen hypoxia.

14. All documents reflecting the criteria, processes, procedures, or considerations that the Office of the Alabama Attorney General employs in determining when the Office moves the Alabama Supreme Court to set an execution date for an inmate on death row.

15. All phone calls and electronic communications made by or sent to Plaintiff from June 2018 through December 2018.

Dated: October 7, 2022						Respectfully submitted,

*/s/ J. Bradley Robertson*
J. Bradley Robertson
Bradley Arant Boult Cummings LLP
One Federal Plaza
1819 5th Ave. N., Birmingham, AL 35203
Tel: (205) 521-8188
Fax: (205) 488-6188
Email: brobertson@bradley.com

Daniel J. Neppl
Kelly Huggins
Mara E. Klebaner
Stephen Spector
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Tel: (312) 853-7000
Fax: (312) 853-7036
Email: dneppl@sidley.com
Email: khuggins@sidley.com
Email: mklebaner@sidley.com
Email: sspector@sidley.com

Marisol Ramirez
SIDLEY AUSTIN LLP
555 West Fifth Street
Suite 4000
Los Angeles, CA
Tel: (213) 896-6000
Fax: (213) 896-6600
Email: marisol.ramirez@sidley.com

*Attorneys for Plaintiff Alan Eugene Miller*

**CERTIFICATE OF SERVICE**

  I hereby certify that, on October 7, 2022, I served a copy of the foregoing by email to counsel of record.

                */s/ J. Bradley Robertson*
                J. Bradley Robertson