IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALAN EUGENE MILLER, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 2:22-cv-506-RAH |
| | ) [WO] |
| JOHN Q. HAMM, Commissioner, Alabama Department of Corrections, *et al.*, | ) |
| Defendants. | ) |

# ORDER

Now pending before the Court is Plaintiff Alan Eugene Miller's Motion for Expedited Discovery. (Doc. 90.) The Defendants have filed a response in opposition, (Doc. 93), and Miller was granted leave to file a reply, (Docs. 95, 96). The motion is ripe for review. For the reasons explained below, Miller's Motion is due to be granted in part.

## BACKGROUND

On August 22, 2022, Miller sued the Defendants in their official capacities under 42 U.S.C. § 1983, seeking declaratory and injunctive relief with respect to his execution by lethal injection, which was set for September 22, 2022. On September 19, 2022, this Court preliminarily enjoined the Defendants from executing Miller by any method other than nitrogen hypoxia. In the evening of September 22, 2022, the

United States Supreme Court vacated the Court's injunction without explanation, and the Alabama Department of Corrections (ADOC) attempted to execute Miller by lethal injection. However, the ADOC terminated its execution efforts sometime before midnight because it was unable to establish venous access.

On September 23, 2022, the Court entered two Orders directing the Defendants and their agents to locate and preserve evidence related to the attempted execution (the preservation orders). (Docs. 74, 76.) On October 4, 2022, the State of Alabama moved the Alabama Supreme Court to reset Miller's execution date on an *expedited* basis (the execution motion), requesting that the Alabama Supreme Court "suspend" the Alabama Rules of Appellate Procedure and set an execution date for Miller "prior to setting the previously requested execution date for James Barber." (Doc. 80-1 at 2).[1] On October 6, 2022, Miller filed a Motion for Leave to File a Second Amended Complaint in this Court, in which he sought to add three claims arising out of the attempted execution. (Doc. 79.) The Defendants did not oppose Miller's Motion, (Doc. 83), and the Court granted it, (Doc. 84).

The Second Amended Complaint was filed on October 12, 2022. (Doc. 85.) In Count 3, Miller asserts that a second attempt to execute him by lethal injection would violate the Equal Protection Clause of the Fourteenth Amendment to the

---

[1] The Defendants did not notify this Court that the execution motion had been filed until October 7, 2022.

United States Constitution because the Defendants did not undertake a second attempt to execute a similarly situated death row inmate, Doyle Hamm, after Hamm's first execution attempt was unsuccessful due to venous access issues. In Count 5, Miller asserts that a second attempt to execute him by lethal injection would violate the Eighth Amendment, in light of the extreme pain and suffering he says he experienced during the first execution attempt and because nitrogen hypoxia is a feasible, readily available alternative method of execution. In Count 6, Miller asserts that a second attempt to execute him by lethal injection would violate the Alabama Constitution's prohibition on cruel or unusual punishments. Additionally, in the prayer for relief, Miller requests nominal and punitive damages from Defendants Hamm and Raybon, who are sued in their official capacities only, and he also requests that the Court stay the Alabama Supreme Court proceedings.

In his Motion for Expedited Discovery, Miller seeks to have the Defendants answer twelve Interrogatories (Doc. 90-1) and fifteen Requests for Production (Doc. 90-2) by October 25, 2022. Miller served the requested discovery on the Defendants on October 7, 2022. The requested discovery seeks information about the events surrounding the attempted execution of Miller, including the identities of individuals involved in the attempted execution, who Miller wishes to depose. The requested discovery also seeks, among others, ADOC employees' communications regarding the attempted execution, as well as information about the State of Alabama's

protocols regarding executions by lethal injection and by nitrogen hypoxia. Some of the Requests for Production seek information that the Defendants were previously ordered to locate and preserve, such as medical equipment and medical charts, reports, and notes relating to the attempted execution on September 22, 2022. (*Compare* Doc. 90-2 at 7, *with* Doc. 76 at 2.)

## DISCUSSION

Absent a court order or stipulation, a party may not seek discovery before the parties have conducted their Rule 26(f) conference. *See* FED. R. CIV. P. 26(d). The Advisory Committee Notes acknowledge it "will be appropriate in some cases" for discovery to begin earlier. FED. R. CIV. P. 26 advisory committee's note to 1993 amendment. The Court has "broad discretion" in the scheduling of discovery. *See Johnson v. Bd. of Regents*, 263 F.3d 1234, 1269 (11th Cir. 2001).

It appears the Eleventh Circuit has not decided what standard should apply to requests for expedited discovery. *See Brown v. Dunn*, No. 21-cv-00440, 2021 WL 4523498, at *1 (M.D. Ala. Oct. 4, 2021) (making this observation). However, district courts in this circuit have concluded that discovery may be expedited if the moving party establishes "good cause." *See, e.g.*, *id.*; *Rivera v. Parker*, No. 20-CV-3210, 2020 WL 8258735, at *3 (N.D. Ga. Aug. 28, 2020); *Tracfone Wireless, Inc. v. Adams*, 304 F.R.D. 672, 673 (S.D. Fla. 2015); *see also* 8A Charles A. Wright, Arthur R. Miller, & Richard L. Marcus, FEDERAL PRACTICE & PROCEDURE § 2046.1

(3d ed., Apr. 2022 Update) ("[C]ourts presented with requests for immediate discovery have frequently treated the question whether to authorize early discovery as governed by a good cause standard."). In determining whether there is good cause for expedited discovery, courts consider factors such as "(1) whether a motion for preliminary injunction is pending; (2) the breadth of the requested discovery; (3) the reason(s) for requesting expedited discovery; (4) the burden on the opponent to comply with the request for discovery; and (5) how far in advance of the typical discovery process the request is made." *Rivera*, 2020 WL 8258735, at *3; *see also Mullane v. Almon*, 339 F.R.D. 659, 662 (N.D. Fla. 2021) (noting that courts may also consider "whether the information sought expeditiously could be obtained more efficiently from some other source" and "whether a motion to dismiss for failure to state a claim is pending").

Considering Miller's proffered reasons for requesting expedited discovery, the scope of the requested discovery, and the burden on the Defendants to respond on an expedited basis, Miller has demonstrated good cause for some expedited discovery. According to Miller, expedited discovery is warranted because the State of Alabama has moved the Alabama Supreme Court to reset his execution on an expedited basis, and he needs the discovery to litigate his claims before the State attempts to execute him again and effectively forever moot his claims. In the execution motion, the State noted that its request was "substantially the same as the

request made (and granted) following the untimely vacatur of the federal stay of execution in the Christopher Lee Price case in 2019." (Doc. 80-1 at 4.) After the original execution warrant for Price expired, the State filed a motion to reset his execution on April 15, 2019. (*See* Doc. 55-1 in *Price v. Dunn*, 1:19-cv-57-KD (S.D. Ala. 2019).) The Alabama Supreme Court set Price's new execution date for May 30, 2019—45 days after the State's motion was filed. (*See* Doc. 63-1 in *Price v. Dunn*, 1:19-cv-57-KD (S.D. Ala. 2019).) Thus, if the Alabama Supreme Court grants the State the relief it seeks with respect to Miller, and even if the execution is set more than 45 days from the execution motion, the parties and the Court likely will be operating under a very condensed litigation timeline—much more condensed than that of most civil cases. In short, "time is of the essence" for Miller in this case. *See Reeves v. Dunn*, No. 20-CV-27, 2021 WL 8316642, at *1 (M.D. Ala. Nov. 24, 2021) (making a similar observation in light of an upcoming execution date). Additionally, Miller's new claims, on which expedited discovery is sought, assert that a second attempt to execute him by lethal injection would violate the United States and Alabama Constitutions. According to the Second Amended Complaint, Miller is the only living execution survivor in the United States. Thus, the State's efforts to expedite a new execution date, considered in light of Miller's new claims, present unique—indeed, virtually unprecedented—circumstances that counsel in favor of allowing some expedited discovery.

In addition, Miller does not seek broad or unlimited discovery. *Cf. Mullane*, 339 F.R.D. at 664, 667 (concluding that the absence of a limitation on the scope of the plaintiff's requested discovery weighed against granting the plaintiff's motion for expedited discovery). Rather, the scope of his requested discovery is tailored to the events surrounding the attempted execution and information related to the claims asserted in the Second Amended Complaint. This factor also weighs in favor of allowing some degree of expedited discovery.

Additionally, and relatedly, it would not unduly burden the Defendants to answer certain limited discovery on an expedited basis. The requested discovery seeks information easily within the Defendants' control, and the requests are, for the most part, "reasonably focused" and reasonable in number, thereby minimizing the burden. *See Merial LLC v. Fidopharm, Inc.*, No. 13-cv-1207, 2013 WL 12072140, at *2 (N.D. Ga. May 22, 2013). And most of the Interrogatories seek information relating to a discrete, narrow window of time: the day of the attempted execution. (*See* Doc. 90-1 at 5–6.) Moreover, as noted above, some of the Requests for Production seek information that the Defendants were previously ordered to locate and preserve. Thus, the Defendants will not (or at least should not) be starting from square one in gathering the information needed to respond to those requests. And as will be explained further below, allowing expedited discovery will not preclude the Defendants from making appropriate objections to discovery requests that the

Defendants believe impermissibly seek privileged or otherwise objectionable information. These considerations also weigh in favor of allowing some expedited discovery.

In their Opposition to Miller's Motion (Doc. 93), the Defendants advance four principal arguments why expedited discovery should not be allowed. First, they argue that Miller's new Eighth Amendment claim is barred by the statute of limitations. Second, they argue that Miller's new Eighth Amendment and equal protection claims fail on the merits. Third, they contend that Miller's new claims implicate Eleventh Amendment sovereign immunity. Finally, they insist expedited discovery would unduly prejudice them. The Court will address each argument.

The Court has considered the Defendants' statute of limitations argument, as well as their argument that some of Miller's new claims fail on the merits. The Court declines to conclusively resolve these arguments now. However, it appears the Defendants fail to sufficiently appreciate the nature of Miller's new Eighth Amendment claim, which is that it would violate the Eighth Amendment for the Defendants to attempt a *second* lethal injection execution of Miller after he allegedly experienced extreme pain and suffering during the *first* execution attempt on September 22, 2022. At this stage, the Court is not persuaded that this claim is so clearly barred by the statute of limitations that it counsels against granting some degree of expedited discovery. Similarly, the Court is not persuaded at this stage

that either the Eighth Amendment claim or the equal protection claim is so implausible that it counsels against granting some expedited discovery.

The Court now turns to the Defendants' sovereign immunity argument, which has three subparts. First, the Defendants argue that Count 6, which alleges a violation of the Alabama Constitution, is barred by the Eleventh Amendment because it asks a federal court to instruct state officials on how to comply with state law. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984). This argument appears to have merit. However, that one of Miller's claims may be due to be dismissed does not mean all expedited discovery should be disallowed, especially where, as here, there appears to be significant substantive overlap between Miller's Eighth Amendment claim and his state constitutional claim.

Second, the Defendants argue that Miller cannot recover nominal or punitive damages from the official capacity defendants. This argument also appears to have merit. But even assuming this argument ultimately prevails, it would impact only the relief available to Miller, not the legal merits of his claims. The Defendants do not argue that sovereign immunity bars the new Eighth Amendment and equal protection claims to the extent they seek declaratory and injunction relief. Thus, that sovereign immunity may bar Miller from obtaining damages is entitled to little weight in the Court's analysis here.

Finally, the Defendants argue that Miller cannot obtain the relief of a stay of the Alabama Supreme Court proceedings, which, as the Defendants acknowledge, is really rooted in abstention principles rather than sovereign immunity. This argument also appears to have merit. But as with the damages issue, that Miller may be unable to obtain the relief of a stay of the Alabama Supreme Court proceedings has little bearing on the legal merits of his claims and, by extension, whether expedited discovery is warranted. Moreover, Miller's counsel represented that they would need to file a motion to stay the Alabama Supreme Court proceedings with this Court to properly bring the issue before the Court, and to date no such motion has been filed.

The Court now turns to the Defendants' prejudice argument, which has several subparts. First, the Defendants contend they will be unduly prejudiced if forced to answer any discovery before Rule 12 motions are resolved. At least one district court in this circuit has explained that "courts should consider whether a defendant has filed a motion to dismiss that could have merit and could dispose of the entire case." *Mullane*, 339 F.R.D. at 668. While the Defendants' anticipated motions to dismiss do not undermine the good cause for expedited discovery in this case, they do counsel in favor of a staggered approach similar to the one employed by the district court in *Doe v. Samford University*, No. 21-cv-871, 2021 WL 3403517, at *4 (N.D. Ala. July 30, 2021) (ordering the defendants to answer certain

10

interrogatories and requests for production in two weeks and to produce the remaining responses within 48 hours of the court's ruling on the defendants' motion to dismiss). The Court finds it appropriate for the Defendants to answer the Interrogatories and some Requests for Production now and, if the Court denies the anticipated motions to dismiss, the remaining Requests for Production soon after the Court's ruling, as set forth in more detail below.

Second, the Defendants assert they have already been prejudiced because the Court shortened the time for them to respond to the Second Amended Complaint and then afforded them only forty-eight hours to respond to the Motion for Expedited Discovery. But Rule 15 authorizes the Court to shorten the time for a party to respond to an amended pleading. *See* FED. R. CIV. P. 15(a)(3). Moreover, the Defendants' own actions—seeking to expedite the setting of a second execution date for Miller—have created the very exigencies which motivated the Court to set the deadlines about which the Defendants now complain. To the extent expedited discovery would burden the Defendants, the burden is reasonable given the extremely unique circumstances of this case.

Finally, the Defendants argue expedited discovery should not be allowed because Miller seeks information that is privileged or otherwise outside Rule 26's scope. Assuming without deciding that some of Miller's discovery requests are objectionable, this is an insufficient basis to deny Miller's motion. To the extent the

11

Defendants believe that Miller's discovery requests are objectionable, the Defendants are free to make appropriate objections to those requests. However, the Defendants are REMINDED of their obligations under Rules 26, 33, 34, and 37 of the Federal Rules of Civil Procedure. Frivolous, conclusory, general, meritless, or boilerplate objections will not be tolerated.

## CONCLUSION

Miller has demonstrated good cause for expedited discovery, although not on the precise timeline he seeks. Accordingly, it is ORDERED as follows:

1. Miller's motion is GRANTED IN PART to the extent set out in this Order and DENIED in all other respects.

2. The Defendants shall respond to the following discovery requests as soon as the responses are ready but **no later than October 27, 2022**:

   a. Interrogatories (Doc. 90-1);

   b. Requests for Production 9 and 10, (Doc. 90-2 at 7), and other Requests for Production (*see generally* Doc. 90-2) to the extent they seek documents or information covered by the Court's preservation orders (Docs. 74, 76).

3. The Defendants shall begin gathering the information needed for responses to Requests for Production 1, 2, 3, 4, 5, 6, 7, 8, 11, 12, 13, 14, and 15. If the Court denies the anticipated motions to dismiss, the Defendants shall produce these responses **within 48 hours** of the Court's ruling.

4.      Nothing contained in this Order shall be interpreted as an order from this Court that a bona fide objection to any of the discovery requests should not be made or that such an objection has been or will be overruled.  To the contrary, the Defendants are permitted to lodge what they deem are appropriate objections to any requested discovery, just as they would during the course of discovery on a non-expedited basis.

DONE, on this the 20th day of October, 2022.

/s/ R. Austin Huffaker, Jr.
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE