# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| ALAN EUGENE MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:22-cv-00506-RAH |
| | ) |
| JOHN Q. HAMM, Commissioner, | ) |
| Alabama Department of Corrections, | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

## PROTECTIVE ORDER

This cause is before the Court on Defendants' Motion for Protective Order. The Court, having reviewed the motion and the proposed protective order, which limits disclosure of information and categories of information designated as confidential, finds that a protective order is appropriate in this matter and orders the following:

1. This Protective Order covers the use of disclosure of confidential material ("Confidential Material") of any kind produced in connection with this case by the parties to this litigation and by third parties (collectively, the "Producing Parties").

2. Under Rule 26(c) of the Federal Rules of Civil Procedure, this Court may enter protective orders, good cause shown, to prevent "annoyance,

embarrassment, oppression or undue burden or expense." Information will not be designated as confidential for tactical reasons and nothing will be so designated without a good-faith belief that it has been maintained in a confidential, non-public manner, and there is a good cause why it should not be part of the public record of this case.

      3.      Material produced in this action that is deemed Confidential Material may not be disclosed to any persons or entities other than those specified in paragraph 9 of this Order, provided such material is designated as Confidential Material by the Producing Party in accordance with the provisions of this Order. In addition, the following materials and information are and shall be deemed "Confidential Material" regardless of whether so designated by the Producing Party:

    (a) All testimony, information, or documents referring to the Alabama Department of Corrections' ("ADOC") procedures with respect to death row inmates that identify or discuss security procedures or security personnel, such as duty post logs, documents concerning prison scheduling and movement around facilities (both inside and outside), and lists of correctional officers;

    (b) All testimony, information, or documents, identifying ADOC personnel, officers, employees, or contract employees on medical documents and reports documenting the pre-medical and/or post-medical procedures, including medical charts, body charts, reports, and photographs, used in the attempt to carry out Mr. Miller's execution on September 22, 2022;

    (c) All testimony, information, or documents identifying ADOC personnel, officers, employees, or contract employees, who were members of the execution team on September 22, 2022;

(d) The written execution protocol adopted by ADOC and any drafts or amendments thereof;

(e) Information contained within ADOC's execution protocol;

(f) The current or past procedures used to carry out executions by lethal injection, including, but not limited to, the drugs used in such procedures, the manner of administering such drugs, the identities of persons who monitor or carry out execution procedures, and the name of any suppliers of any materials or equipment used to carry out execution procedures;

(g) All testimony, documents, or information related to prior executions of any Alabama death row inmate;

(h) All testimony, information, or documents referring to ADOC's procedures with respect to death row inmates that identify or discuss security procedures, security personnel, or pre-execution schedules;

(i) Any other testimony, information, or documents whose disclosure would present a security risk of the ADOC, current and past ADOC employees, current and past ADOC contractors, or any other individuals or entities currently or previously involved in the execution of any Alabama death row inmate;

(j) Any testimony, information, or documents referring to any privilege log created and maintained for purposes of this case by either party.

Further, the names of individuals who currently monitor or carry out execution procedures or have done so in the past shall be redacted, and each individual shall be given a designated pseudonym.

Documents or information that is already in the public domain will not become confidential by virtue of this Order. But, to the extent that only a portion of information in a document was in the public domain, only that portion of

information—not the entire document—will be considered non-Confidential.

4. The provisions of this Order extend to all Confidential Material regardless of the manner or form that it is disclosed, including, but not limited to, documents, interrogatory response, responses to requests for admissions, deposition transcripts, deposition exhibits, testimony and any other materials produced by a party in response to or in connection with any discovery conducted in this litigation, and to any copies, notes, abstracts, summaries, analyses, demonstrative exhibits, or other documents that reflect information contained in the foregoing materials.

5. The designation of Confidential Material for the purposes of this Protection Order shall be made by plainly marking the item, or where that is not possible, by marking a container or tag with the legend "CONFIDENTIAL." In the case of depositions or other pretrial testimony, the parties shall designate the Confidential Material: (i) by a statement on the record by counsel for the Producing Party at the time of such disclosure; or (ii) by written notice, sent by counsel for the Producing Party to counsel of record for the parties to this Action within five (5) business days after receipt of the transcript of the deposition. All transcripts (including exhibits) and videos of depositions shall be considered Confidential Material and shall be subject to this Protective Order until expiration of such five-day period. The court reporter shall be instructed to mark each designated page as "CONFIDENTIAL" and the cover page of any transcript containing Confidential

Material shall indicate that the transcript contains such Confidential Material.

6. Whenever any Confidential Material is to be discussed or disclosed in a deposition, the Producing Party may exclude from the room any person who is not entitled to receive such information. The parties further agree that they can arrange for the review of potentially Confidential Material before designation without waiver of any claim of confidentiality. After such Material is reviewed, the Producing Party may designate copies of the Material requested Confidential as appropriate before providing copies to the receiving party ("Receiving Party").

7. The inadvertent failure to designate specific information or material as Confidential Material shall not be deemed a waiver in whole or in part of the Producing Party's claim of confidentiality as to such information or material. If information or material, whether in written or oral form, has been provided without any designation of confidentiality, such information may be designated as Confidential Material within five (5) days of discovery by the Producing Party that such information should have been so designated. Upon receipt of notice, that information or material shall be treated as Confidential Material by all parties as though such information had been designated when originally provided. If, before receiving notice, such information or material has already been disclosed to individuals who otherwise would not have been entitled to have access to Confidential Material, the Receiving Party shall notify the Producing Party

immediately. In addition, the Receiving Party shall immediately comply with all the procedures applicable to the inadvertent disclosure of Confidential Material, as discussed below in paragraph 9 of this Order. If the Producing Party decided to designate previously provided information or material Confidential or decides to delete the designation on an item previously produced, the Producing Party shall provide the parties substitute copies of such documents bearing the desired designation within five (5) days of redesignation. The parties to whom the substitute copes of such documents are produced shall substitute the later-produced documents for the previously produced documents and shall destroy or return to the Producing Party the previously produced documents in their possession and all copies thereof.

8. Confidential Material may be used solely in connection with the instant litigation. The identity, content, and/or any summary of Confidential Material shall be maintained in strict confidence by the Receiving Party. Confidential Material may not be disclosed to any persons or entities other than those specified in paragraph 9.

9. The Receiving Party may show or otherwise divulge Confidential Material only to the following persons:

> (a) Counsel of record in this case and other counsel for the parties, provided such counsel are employed at Sidley Austin or Bradley Arant Boult Cummings in the case of Mr. Miller, or by the Alabama Attorney General's Office, in the case of the Defendants, and provided further that the names of other counsel are disclosed by email to opposing counsel before the sharing of any Confidential Material;

> (b) The parties' experts and investigators;
>
> (c) Staff persons assisting counsel of records, including, but not limited to, secretaries, photocopying personnel, clerks, and legal assistants;
>
> (d) The parties' actual or proposed witnesses;
>
> (e) The Court and court personnel, including court reporters and others involved in the recording of depositions; and,
>
> (f) Any other person who the Producing Party agrees in writing, or who the Court directs, may have access to the Confidential Material.

Each person (with exception of those specified in (a), (c) and (e) above) who is permitted to see Confidential Material, or to whom the Confidential Material is otherwise divulged, must certify that he or she agrees to be bound by the provisions of this Order and must sign a copy of the acknowledgement attached as Exhibit A to this Order. All signed acknowledgements must be maintained in the files of counsel who disclosed the Confidential Material, and counsel must produce copies of these signed acknowledgements to the Court and/or to Defendants upon request. The names or personal identifying information of any ADOC employee or other individual who participates in carrying out execution procedures shall not be disclosed to the Plaintiff, Alan Miller. Further, no documents or copies of documents containing Confidential Material shall be provided to Mr. Miller.

    10.    Should any person inadvertently disclose Confidential Material to any person, entity, or court other than those persons described in paragraph 9, counsel for the party responsible for the inadvertent disclosure shall immediately: (i) notify

the Producing Party of the disclosure; (ii) provide in the notification of the Producing Party the identity and current contact information (including full name, address, telephone number(s), and email address) of all persons or entities who inadvertently received the Confidential Material; (iii) advise all person or entities who inadvertently received the Confidential Material that such information and its use are governed by this Protective Order; (iv) take reasonable steps to ensure the return or permanent destruction of the Confidential Material and all copies thereof; and (v) inform counsel for the Producing Party of the steps that have been taken to insure the return or permanent destruction of the Confidential Material. Nothing in this paragraph shall prohibit the Producing Party from taking any further action it deems necessary to protect the secrecy of the Confidential Material or from seeking redress for the disclosure thereof.

11. If any person receiving Confidential Material covered by this Order is subpoenaed in an action or proceeding or served with a document demand, and such subpoena or document demand seeks Confidential Material discussed in this Order, the person receiving the subpoena or document demand shall give prompt written notice to the Producing Party and shall, to the extent permitted by law, withhold production of the subpoenaed Confidential Material. Before a Receiving Party produces or otherwise reveals the identify, content, and/or summary of any Confidential Material pursuant to law or court order, the Receiving Party shall

provide the Producing Party with as much notice as possible and at least fifteen (15) business days' notice, unless otherwise impracticable due to deadlines imposed in the subpoena or document demanded, so that the Producing Party may seek further protection from, and an opportunity to be heard by, a court. In no event shall the Receiving Party produce, disclose, or otherwise reveal any Confidential Material without making a good faith attempt to provided notice to the Providing Party. In the event the Producing Party seeks such protection, the Receiving Party shall not disclose, produce, or otherwise reveal the identity, content, and/or summary of any Confidential Material unless and until further ordered by the Court.

12.   If a party wants to use any Confidential Material, or any papers or other material containing or referring the contents of such Confidential Material, in any pleading or any pleading or document filed with this Court in this litigation, such pleading or document and Confidential Material shall be filed under seal unless or until such time as the Court orders otherwise or denies permission to file under seal. Documents, pleadings, or other filings containing or referencing such Confidential Material shall be filed under seal in accordance with this Court's usual procedures for filing redacted documents or documents under seal. To the extent that a filing contains information that is not Confidential, such filing shall be filed publicly, and the Confidential Material shall be redacted. These redacted items should plainly state, in bold type, on the first page of any document, "**Public Version; Redacted Copy**."

In addition, such items filed under seal shall plainly state, in bold type, on the first page of any bound or stapled document, "**Confidential—Filed Under Seal**," and shall be filed only in sealed envelopes on which shall be endorsed the caption of this Action and a statement substantially in the following form:

### CONFIDENTIAL

> This envelope contains documents that are subject to a Confidentiality Agreement by the parties to this Action. This envelope shall neither be opened nor the contents revealed except by Order of the Court.

The parties shall also follow in an expeditious manner any additional procedures imposed by this Court as a prerequisite to filing any document under seal.

13. To the extent the Court orders, the parties may email sealed documents to the Court for filing if hand delivery cannot be accomplished on the day of the filing. The parties shall follow whatever procedures the Court and/or the Clerk's Office set forth for email filing.

14. If any party believes that a document designated "Confidential Material" does not warrant such designation, the Receiving Party shall raise the matter with the Producing Party. The parties shall engage in a good-faith effort to resolve the dispute. It is the contemplation of this Order that a document will be designated "Confidential Material" only when legitimately called for and that the parties will employ their utmost efforts to resolve any disputes. Further, if there is any disagreement between the parties concerning the divulging of Confidential

Material to the Plaintiff, Alan Miller, under the terms of this Agreement, the parties shall engage in a good-faith effort to resolve the dispute.

15. Nothing in this Order shall prevent the Producing Party from disclosing Confidential Material to any employee or officer of the Producing Party or to any person no longer affiliated with the Producing Party who either authored, in whole or in part, or received the Confidential Material prior to the initiation of this Action.

16. Within sixty (60) days of the termination of this Action and all appeals of this Action, any Confidential Material provided by any Producing Party, as well as all copies, extracts, and summaries thereof, shall be either: (i) returned to the Producing Party or (ii) permanently destroyed, in which case the Receiving Party must provide to the Producing Party certification of this permanent destruction. Notwithstanding the foregoing, counsel may retain an archival copy of any pleading and/or attorney work product that references Confidential Material. Such archival documents shall be retained and treated in accordance with the terms of this Order.

17. A party's compliance with the terms of this Order shall not operate as an admission that any particular document or information is or is not: (a) confidential; (b) privileged; (c) relevant; (d) material to any matter at issue; (e) authentic; or (f) admissible in evidence at trial or any hearing.

18. The terms of this Order shall survive and remain in full force and effect through the course of, and after the final termination of, this Action. This Court shall

12

retain jurisdiction to resolve any dispute concerning the use or disclosure of Confidential Material that is disclosed hereunder.

DONE and ORDERED this _____ day of October, 2022.

                                                                    _____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| ALAN EUGENE MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:22-cv-00506-RAH |
| | ) |
| JOHN Q. HAMM, Commissioner, | ) |
| Alabama Department of Corrections, | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

## EXHIBIT A

I, _____, hereby certify my understanding that Confidential Material is being provided to me pursuant to the terms and restrictions of the "Confidentiality Order" entered in the above-styled action. I have read and understand the Order, and I agree to be bound by the terms of the Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _____ day of _____, 20\_\_\_\_\_.

_____
(signature)

_____
(print full name)