## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

ALAN EUGENE MILLER,      )
                                   )
          Plaintiff,      )
                                   )
v.                       )   **Case No. <u>2:22-cv-00506-RAH</u>**
                                   )
JOHN Q. HAMM, Commissioner,   )
Alabama Department of Corrections,  )
*et al.*,                      )
                                   )
          Defendants.   )

## DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT

Defendants John Q. Hamm, in his official capacity as Commissioner of the Alabama Department of Corrections, Terry Raybon, in his official capacity as the Warden of Holman Correctional Facility, and Steve Marshall, in his official capacity as Attorney General of Alabama, for their answer to Plaintiff Alan Miller's second amended complaint (Doc. 85), state as follows

1.     The factual averments contained in Paragraph 1 of the second amended complaint are denied.

2.     The factual averments contained in Paragraph 2 of the second amended complaint are denied, except Defendants admit that they appealed the district court's preliminary injunction to the United States Supreme Court, it was vacated, and

Defendants subsequently undertook efforts to carry out Plaintiff's lawful sentence of death.

3.     The factual averments contained in Paragraph 3 of the second amended complaint are denied, except Defendants admit that they have not announced the adoption of a final nitrogen hypoxia protocol.

4.     Paragraph 4 of the second amended complaint is denied, except Defendants admit that the State of Alabama moved in the Alabama Supreme Court on October 4, 2022, in Miller's criminal case, for another date to carry out Miller's lawful sentence of death.

5.     Paragraph 5 of the second amended complaint does not present factual allegations as it is an argumentative and conclusory statement. To the extent that an answer is required, this paragraph is denied.

6.     Paragraph 6 of the second amended complaint does not present factual allegations as it is a series of argumentative and conclusory statements. To the extent that an answer is required, this paragraph is denied.

7.     Paragraph 7 of the second amended complaint does not present factual allegations as it is a series of argumentative and conclusory statements. To the extent that an answer is required, this paragraph is denied.

8.     Paragraph 8 of the second amended complaint does not present factual allegations as it is a series of argumentative and conclusory statements. To the extent that an answer is required, this paragraph is denied.

9.     Paragraph 9 of the second amended complaint is denied, except Defendants admit that Plaintiff purports to seek injunctive and declaratory relief prohibiting Defendants from carrying out Plaintiff's lawful sentence of death through any means other than nitrogen hypoxia.

10.     Paragraph 10 of the second amended complaint is admitted.

11.     Paragraph 11 of the second amended complaint is admitted, except Defendants admission that Defendant Raybon "has been acting under color of law and as the agent and official representative of the Holman Correctional Facility and ADOC," only applies to the time since his entry into the office of Warden of Holman Correctional Facility in 2021.

12.     Paragraph 12 of the second amended complaint references an Alabama statute and does not require an admission or denial by Defendants; however, Defendants admit that the Warden of Holman Correctional Facility serves as the individual responsible for executing a judicial sentence of death.

13.     Paragraph 13 of the second amended complaint is admitted.

14.     Paragraph 14 of the second amended complaint is admitted.

15.    Paragraph 15 of the second amended complaint is admitted, except Defendants admission that Commissioner Hamm "has been acting under color of law and as the agent and official representative of ADOC" only applies to the time since his entry into the office of Commissioner in January 2022.

16.    Paragraph 16 of the second amended complaint is admitted.

17.    Paragraph 17 of the second amended complaint is denied inasmuch as it refers to the Commissioner of the Alabama Department of Corrections as "the alternate statutory executioner of all death row inmates at Holman." The remainder of this paragraph references Alabama law and does not require an admission or denial by Defendants.

18.    Paragraph 18 of the second amended complaint is admitted, except Defendants deny that Defendant Hamm must be present at Holman for each execution. The Commissioner *or his/her designee* can be present during an execution.

19.    Paragraph 19 of the second amended complaint is admitted.

20.    Paragraph 20 of the second amended complaint is admitted, except Defendants deny that Defendant Hamm has the authority to alter, amend, or make exceptions to a protocol or procedure where state statute provides a specific and required protocol or procedure.

21.     Paragraph 21 of the second amended complaint is denied. Defendant Hamm has the responsibility of determining what statutory method of execution applies to a condemned inmate. Commissioner Hamm's limited discretion is set forth in ALA. CODE § 15-18-82 (1975).

22.      Paragraph 22 of the second amended complaint is admitted.

23.     Paragraph 23 of the second amended complaint is denied. *See Lewis v. Governor of Alabama*, 944 F.3d 1287, 1299-1301 (11th Cir. 2019).

24.     Paragraph 24 of the second amended complaint is denied, except Defendants admit that Defendant Marshall is responsible for representing the State of Alabama in proceedings to determine whether the appropriate time for execution of a sentence of death has arrived. *See* Ala. R. App. P. 8(d).

25.     Paragraph 25 of the second amended complaint is denied. The Attorney General's responsibility is to provide legal advice to the Commissioner of the Alabama Department of Corrections, when requested. *See Lewis*, 944 F.3d at 1297-98.

26.     Paragraph 26 of the second amended complaint is denied, except Defendants admit that Defendant Marshall provides notice of whether any judicial orders or voluntary agreements between the State and a court exist that would prohibit the execution of sentence.

27.     Defendants admit that this Court has subject-matter jurisdiction over the remaining causes of action stated in the second amended complaint. Defendants deny that an Article III case or controversy exists as to each named Defendant.

28.     Defendants concede that venue is appropriate in this Court.

29.     Paragraph 29 of the second amended complaint is admitted, except that Defendants deny Miller's characterization of their actions on September 22, 2022, as a "botched" lethal injection.

30.     Paragraph 30 of the second amended complaint is admitted.

31.     Paragraph 31 of the second amended complaint is admitted.

32.     Paragraph 32 of the second amended complaint is admitted.

33.     Paragraph 33 of the second amended complaint is admitted.

34.     Paragraph 34 of the second amended complaint is admitted.

35.     Paragraph 35 of the second amended complaint references an Alabama statute and does not require an admission or denial by Defendants.

36.     Paragraph 36 of the second amended complaint references an Alabama statute and does not require an admission or denial by Defendants.

37.     Paragraph 37 of the second amended complaint is admitted.

38.     Paragraph 38 of the second amended complaint is denied.

39.     Paragraph 39 of the second amended complaint does not present factual allegations as it is a series of argumentative and conclusory statements. To the extent that an answer is required, this paragraph is denied.

40.     Paragraph 40 of the second amended complaint is admitted.

41.     Paragraph 41 of the second amended complaint is admitted.

42.     Paragraph 42 of the second amended complaint is admitted.

43.     Defendants admit that Warden Stewart previously testified that she was instructed by someone within ADOC to distribute the election forms at Holman Correctional Facility. Defendants have been unable to identify any person within ADOC who gave Warden Stewart such an instruction, hence Defendants lack sufficient information to admit or deny that such an instruction was given by ADOC. *For purposes of this litigation*, Defendants admit that election forms were distributed at the direction of Warden Stewart acting in her official capacity.

44.     Paragraph 44 of the second amended complaint is denied, except Defendants admit that Captain Emberton previously testified that he was instructed by Warden Stewart to refrain from documenting the names of inmates who accepted nitrogen hypoxia election forms and/or returned them. *For purposes of this litigation*, Defendants admit that Captain Emberton did not document which inmates accepted nitrogen hypoxia forms or who returned the forms to him.

45.     Paragraph 45 of the second amended complaint is denied, except that it is admitted that Captain Emberton distributed nitrogen hypoxia election forms prior to the close of the election period and that some of those forms were collected that same day.

46.     Paragraph 46 of the second amended complaint is admitted.

47.     Paragraph 47 of the second amended complaint provides insufficient information for Defendants to admit or deny what "one inmate has alleged." Defendants admit that ADOC did not "record" each inmate's receipt of an election form at Holman Correctional Facility.

48.     Paragraph 48 of the second amended complaint does not require an admission or denial by Defendants.

49.     Paragraph 49 of the second amended complaint is denied, except Defendants admit that forms were returned to the Warden of Holman Correctional Facility by varying means.

50.     Paragraph 50 of the second amended complaint does not present factual allegations as it is an argumentative and conclusory statement. To the extent that an answer is required, this paragraph is denied.

51.     Paragraph 51 of the second amended complaint is admitted.

52.     Paragraph 52 of the second amended complaint is denied.

53.     Paragraph 53 of the second amended complaint is denied.

54.     Paragraph 54 of the second amended complaint is denied.

55.     Paragraph 55 of the second amended complaint is denied.

56.     Paragraph 56 of the second amended complaint is denied.

57.     Paragraph 57 of the second amended complaint is admitted, except Defendants deny that Plaintiff timely elected to be executed by nitrogen hypoxia.

58.     Paragraph 58 of the second amended complaint is denied.

59.     Paragraph 59 of the second amended complaint is denied.

60.     Paragraph 60 of the second amended complaint is denied, except Defendants admit that the question of whether Taylor elected, or tried to elect, execution by nitrogen hypoxia during the statutory election window arose during proceedings in the Alabama Supreme Court brought under Rule 8(d) of the Alabama Rules of Appellate Procedure.

61.     Paragraph 61 of the second amended complaint is denied, except Defendants admit that Taylor's counsel represented that Taylor completed an election form during the statutory election period.

62.     Paragraph 62 of the second amended complaint is denied, except Defendants admit that Defendant Marshall withdrew the motion seeking Taylor's execution date upon receipt of a nitrogen hypoxia election form that had been completed in June 2018, along with documents corroborating that Taylor's election occurred during the statutory election window.

63.     Paragraph 63 of the second amended complaint is admitted.

64.     Paragraph 64 of the second amended complaint is admitted.

65.     Paragraph 65 of the second amended complaint is admitted.

66.     Paragraph 66 of the second amended complaint is denied.

67.     Paragraph 67 of the second amended complaint is denied, except Defendants admit that efforts to prepare Miller for a lethal injection procedure were undertaken on September 22, 2022 and that Defendant Marshall continues efforts to have Miller's lawful sentence of death executed.

68.     Paragraph 68 of the second amended complaint is admitted.

69.     Paragraph 69 of the second amended complaint is denied.

70.     Paragraph 70 of the second amended complaint is denied, except Defendants admit that efforts to obtain venous access as to Hamm were unsuccessful.

71.     Paragraph 71 of the second amended complaint is denied.

72.     Paragraph 72 of the second amended complaint is denied except Defendants admit Hamm died of natural causes before another execution date was set for execution of his sentence.

73.     Paragraph 73 of the second amended complaint is denied, except Defendants admit that James was executed on July 28, 2022 and that the time required to prepare James for a lethal injection procedure was longer than usual.

74.     Paragraph 74 of the second amended complaint is denied, except Defendants admit the existence of the Montgomery Advertiser article cited by Miller.

75.     Paragraph 75 of the second amended complaint is denied, except Defendants admit that Defendant Hamm stated publicly that James was not sedated prior to his execution.

76.     Paragraph 76 of the second amended complaint is denied, except Defendants admit the existence of the Atlantic article cited by Miller.

77.     Paragraph 77 of the second amended complaint is denied, except Defendants admit the existence of the Montgomery Advertiser article cited by Miller.

78.     Paragraph 78 of the second amended complaint is denied.

79.     Paragraph 79 of the second amended complaint is denied.

80.     Paragraph 80 of the second amended complaint does not present factual allegations as it is an argumentative and conclusory statement. To the extent that an answer is required, this paragraph is denied, except Defendants admit the existence of the AL.com article cited by Miller.

81.     Paragraph 81 of the second amended complaint is admitted.

82.     Paragraph 82 of the second amended complaint is admitted.

83.     Paragraph 83 of the second amended complaint is admitted.

84.     Paragraph 84 of the second amended complaint is admitted.

85.     Paragraph 85 of the second amended complaint is admitted.

86.     Paragraph 86 of the second amended complaint is admitted.

87.     Paragraph 87 of the second amended complaint is admitted, except the final sentence of the paragraph is denied.

88.     Paragraph 88 of the second amended complaint is admitted.

89.     Paragraph 89 of the second amended complaint is admitted.

90.     Paragraph 90 of the second amended complaint is admitted.

91.     Paragraph 91 of the second amended complaint is admitted.

92.     Paragraph 92 of the second amended complaint is admitted.

93.     Paragraph 93 of the second amended complaint is denied.

94.     Defendants lack sufficient information to admit or deny paragraph 94 of the second amended complaint.

95.     Paragraph 95 of the second amended complaint is admitted.

96.     Defendants lack sufficient information to admit or deny paragraph 96 of the second amended complaint.

97.     Defendants admit that the Office of the Attorney General informed the Alabama Department of Corrections that all legal impediments to the execution of Miller's sentence by 9:20 p.m. Defendants admit the existence of the Montgomery Advertiser article cited by Miller. The remainder of this paragraph is denied.

98.     Paragraph 98 of the second amended complaint is denied, except Defendants admit that ADOC was aware of Miller's morbid obesity.

99.     Paragraph 99 of the second amended complaint is denied.

100.    Defendants admit that Miller was prepared for movement to the execution chamber at or around 9:55 p.m. on September 22, 2022. Defendants neither admit nor deny the identity of the correctional officers involved with the preparation of Miller for movement to the execution chamber; however, Defendants admit that ADOC personnel comprised the group that prepared Plaintiff for movement.

101.    Paragraph 101 of the second amended complaint is admitted.

102.    Paragraph 102 of the second amended complaint is admitted, except Defendants deny that Plaintiff's "gentle" treatment by ADOC personnel was the result of an effort "to avoid bruising."

103.    Defendants admit that Miller was moved into the execution chamber. Defendants neither admit nor deny the identity of the correctional officers or Alabama Department of Corrections employees involved in the movement and placement of Miller; however, Defendants admit that ADOC personnel were present inside the execution chamber as Miller was escorted in for placement on the gurney.

104.   Paragraph 104 of the second amended complaint is admitted; the photograph appears to be an accurate photograph of the gurney inside the execution chamber.

105.   Defendants admit paragraph 105 of the second amended complaint, except Defendants deny that Miller was placed "into a stress position."

106.   Defendants lack sufficient information to admit or deny paragraph 106 of the second amended complaint, except Defendants admit there is a clock in the execution chamber that could be visible to a person secured on the gurney.

107.   Defendants lack sufficient information to admit or deny paragraph 107 of the second amended complaint, except Defendants admit that fluorescent lights are present immediately above the gurney in a pattern that could be described as a "t" or "cross" shape.

108.   Defendants admit that Miller's restraints were inspected by an ADOC correctional officer. Defendants neither admit nor deny the identity of the correctional officers or Alabama Department of Corrections employees involved in securing Miller to the gurney.

109.   Defendants admit that members of the IV team entered the execution chamber after Miller was secured to the gurney.

110.   Paragraph 110 of the second amended complaint is admitted.

111.   Defendants lack sufficient information to admit or deny paragraph 111 of the second amended complaint.

112.   Defendants lack sufficient information to admit or deny paragraph 112 of the second amended complaint.

113.   Paragraph 113 of the second amended complaint is denied, except Defendants admit that venous access was attempted on the area of Miller's right elbow and antecubital fossa region.

114.   Paragraph 114 of the second amended complaint is admitted.

115.   Paragraph 115 of the second amended complaint is denied, except Defendants admit that a light on a cellular phone was used to illuminate Miller's skin. Defendants neither admit nor deny the identity of the correctional officers or Alabama Department of Corrections employees involved in providing physical security during a judicial execution.

116.   Paragraph 116 of the second amended complaint is denied.

117.   Paragraph 117 of the second amended complaint is denied.

118.   Paragraph 118 of the second amended complaint is denied, except Defendants admit that venous access was attempted at a single location on Miller's right hand.

119.   Defendants lack sufficient information to admit or deny paragraph 119 of the second amended complaint.

120.   Paragraph 120 of the second amended complaint is denied, except Defendants admit that no effort was made to obtain venous access through Miller's left hand.

121.   Defendants lack sufficient information to admit or deny paragraph 121 of the second amended complaint, except Defendants admit Miller made several comments to the IV team.

122.   Paragraph 122 of the second amended complaint is denied, except Defendants admit that venous access was attempted, and gained in one location, on the area of Miller's left elbow and antecubital fossa region.

123.   Defendants lack sufficient information to admit or deny paragraph 123 of the second amended complaint.

124.   Paragraph 124 of the second amended complaint is denied, except Defendants admit that venous access was attempted twice on Miller's right foot.

125.   Paragraph 125 of the second amended complaint is denied.

126.   Paragraph 126 of the second amended complaint is denied, except Defendants admit that no effort was made to obtain venous access on Miller's left foot.

127.   Paragraph 127 of the second amended complaint is denied.

128.   Paragraph 128 of the second amended complaint is admitted.

129.   Defendants lack sufficient information to admit or deny paragraph 129 of the second amended complaint, except Defendants admit that Miller's neck was examined.

130.   Defendants lack sufficient information to admit or deny paragraph 130 of the second amended complaint.

131.   Paragraph 131 of the second amended complaint is admitted.

132.   Paragraph 132 of the second amended complaint is denied, except Defendants admit that Miller was further secured to the gurney by means of the chest strap and that the gurney was tilted slightly forward towards the viewing rooms.

133.   Defendants lack sufficient information to admit or deny paragraph 133 of the second amended complaint.

134.   Paragraph 134 of the second amended complaint is denied, except Defendants lack sufficient information to admit or deny the subjective feelings attributed to Miller.

135.   Paragraph 135 of the second amended complaint is denied, except Defendants admit that Miller was informed that the execution of judicial sentence would not occur on that day.

136.   Paragraph 136 of the second amended complaint is denied, except Defendants admit that the gurney was returned to a completely horizontal position.

137.   Paragraph 137 of the second amended complaint is admitted.

138.   Defendants lack sufficient information to admit or deny paragraph 138 of the second amended complaint. Further, Defendants neither admit nor deny the identity of the correctional officers involved in providing physical security during a judicial execution.

139.   Paragraph 139 of the second amended complaint is denied, except Defendants admit Miller was removed from the gurney.

140.   Paragraph 140 of the second amended complaint is denied, except Defendants admit Miller was taken to the medical unit, a body chart was completed, and Miller complained about pain in his right foot.

141.   Defendants admit Miller was returned to the observation cell and slept following the completion of the body chart, but the remainder of paragraph 141 of the second amended complaint is denied.

142.   Defendants lack sufficient information to admit or deny paragraph 142 of the second amended complaint.

143.   Paragraph 143 of the second amended complaint is admitted.

144.   Defendants lack sufficient information to admit or deny paragraph 144 of the second amended complaint, except Defendants deny Miller spends the majority of his time curled in the fetal position on his bed.

145.   Paragraph 145 of the second amended complaint is denied.

146.   Paragraph 146 of the second amended complaint is admitted.

147.   Paragraph 147 of the second amended complaint is admitted.

148.   Paragraph 148 of the second amended complaint is admitted, except Defendants lack sufficient information to admit or deny the footnote.

149.   Paragraph 149 of the second amended complaint is denied.

150.   Paragraph 150 of the second amended complaint is denied.

151.   Defendants lack sufficient information to admit or deny paragraph 151 of the second amended complaint.

152.   Paragraph 152 of the second amended complaint is denied.

153.   Paragraph 153 of the second amended complaint does not present factual allegations as it is an argumentative and conclusory statement. To the extent that an answer is required, this paragraph is denied.

154.   Paragraph 154 of the second amended complaint is denied.

155.   Paragraph 155 of the second amended complaint is denied.

156.   Paragraph 156 of the second amended complaint is denied.

157.   Paragraph 157 of the second amended complaint is denied, except Defendants admit the existence of the USA Today article cited by Miller.

158.   Paragraph 158 of the second amended complaint is denied.

159.   Defendants admit that Governor Ivey and Attorney General Marshall made public statements indicating that Miller's lawful sentence of death would be carried out.

160.   Paragraph 160 of the second amended complaint is admitted, except Defendants deny that the State's motion to set an execution date contravenes the Alabama Rules of Appellate Procedure and deny Miller's description of the efforts to obtain IV access on September 22, 2022 as "botched."

161.   Paragraph 161 of the second amended complaint is denied.

162.   Paragraph 162 of the second amended complaint does not present factual allegations as it is a series of argumentative and conclusory statements. To the extent that an answer is required, this paragraph is denied.

163.   Paragraph 163 of the second amended complaint is denied.

164.   Paragraph 164 of the second amended complaint does not present factual allegations as it is an argumentative and conclusory statement. To the extent that an answer is required, this paragraph is denied.

**COUNT ONE**

165.   Paragraphs 1 through 164 are adopted by reference. *See* Fed. R. Civ. P. 10(c).

166.   Paragraph 166 of the second amended complaint sets forth a legal statement that does not require a response from Defendants.

167.   Paragraph 167 of the second amended complaint sets forth a legal conclusion that does not require a response from Defendants.

168.   Paragraph 168 of the second amended complaint is denied.

169.    Paragraph 169 of the second amended complaint is denied.

170.    Paragraph 170 of the second amended complaint is admitted.

171.    Paragraph 171 of the second amended complaint does not present factual allegations as it is an argumentative and conclusory statement. To the extent that an answer is required, this paragraph is denied.

172.    Paragraph 172 of the second amended complaint is denied.

173.    Paragraph 173 of the second amended complaint is denied.

174.    Paragraph 174 of the second amended complaint is denied.

175.    Paragraph 175 of the second amended complaint is denied.

176.    Paragraph 176 of the second amended complaint does not present factual allegations as it is a series of argumentative and conclusory statements. To the extent that an answer is required, this paragraph is denied.

177.    Paragraph 177 of the second amended complaint sets forth a legal conclusion that does not require a response from Defendants, except Defendants admit that Miller and Warden Raybon filed affidavits in the Alabama Supreme Court.

178.    Paragraph 178 of the second amended complaint is denied.

179.    Paragraph 179 of the second amended complaint does not require an admission or denial by Defendants.

**DEFENSES**

A.    Count One of the Second Amended Complaint is barred by the two-year statute of limitations.

B.    Miller is not entitled to equitable relief as to Count One under the doctrine of laches.

C.    As to Defendant Marshall, no Article III case or controversy exists.

D.    This claim is barred by the ban on successive habeas corpus actions inasmuch as Plaintiff Miller has alleged that he sought an adequate state court remedy in the Alabama Supreme Court prior to the setting of his execution date. (Doc. 101 at 12.)

**COUNT TWO**

180.   Paragraphs 1 through 164 are adopted by reference. *See* Fed. R. Civ. P. 10(c).

181.   Paragraph 181 of the second amended complaint is admitted.

182.   Paragraph 182 of the second amended complaint sets forth a legal conclusion that does not require a response from Defendants.

183.   Paragraph 183 of the second amended complaint sets forth a legal conclusion that does not require a response from Defendants. To the extent that an answer is required, this paragraph is denied.

184.   Paragraph 184 of the second amended complaint is denied, except Defendants admit that Taylor eventually provided ADOC a copy of a nitrogen hypoxia election form executed in June 2018 and that form was recognized.

185.   Paragraph 185 of the second amended complaint is denied.

186.   Paragraph 186 of the second amended complaint sets forth a legal conclusion that does not require a response from Defendants.

187.   Paragraph 187 of the second amended complaint is denied, except Defendants admit that they are aware of the affidavit Miller presented to the Alabama Supreme Court.

188.   Paragraph 188 of the second amended complaint is denied, except Defendants admit that they are aware of Miller's claims to have elected nitrogen hypoxia and that they concluded that he did not elect nitrogen hypoxia during the statutory election period.

189.   Paragraph 189 of the second amended complaint is admitted.

190.   Paragraph 190 of the second amended complaint does not present factual allegations as it is a series of argumentative and conclusory statements. To the extent that an answer is required, this paragraph is denied.

191.   Paragraph 191 of the second amended complaint sets forth a legal conclusion that does not require a response from Defendants. To the extent that an answer is required, this paragraph is denied.

192.   Paragraph 192 of the second amended complaint is denied, except Defendants admit that efforts to obtain IV access as to Miller were undertaken on September 22, 2022, and that they have sought another date for the execution of Miller's lawful sentence.

193.   Paragraph 193 of the second amended complaint sets forth a legal conclusion that does not require a response from Defendants. To the extent that an answer is required, this paragraph is denied.

194.   Paragraph 194 of the second amended complaint is admitted.

**DEFENSES**

A.    Plaintiff Miller has unclean hands and is not entitled to equitable relief.

**COUNT THREE**

195.   Paragraphs 1 through 164 are adopted by reference. *See* Fed. R. Civ. P. 10(c).

196.   Paragraph 196 of the second amended complaint is denied, except Defendants admit that the State of Alabama entered into a settlement agreement with Hamm and that Defendant Marshall has sought another date to carry out Miller's lawful sentence of death.

197.   Paragraph 193 of the second amended complaint sets forth a legal conclusion that does not require a response from Defendants. To the extent that an answer is required, this paragraph is denied.

198.   Paragraph 198 of the second amended complaint is denied.

**DEFENSES**

A.   Plaintiff Miller has unclean hands and is not entitled to equitable relief.

## COUNT FOUR

199-208.   Count Four was dismissed by prior order of the court. No answer is required as to these paragraphs of the second amended complaint.

## COUNT FIVE

209.   Paragraphs 1 through 164 are adopted by reference. *See* Fed. R. Civ. P. 10(c).

210.   Paragraph 210 of the second amended complaint sets forth a legal conclusion that does not require a response from Defendants.

211.   Paragraph 211 of the second amended complaint sets forth a legal conclusion that does not require a response from Defendants.

212.   Paragraph 212 of the second amended complaint sets forth a legal conclusion that does not require a response from Defendants.

213.   Paragraph 213 of the second amended complaint sets forth a legal conclusion that does not require a response from Defendants. To the extent that an answer is required, this paragraph is denied.

214.   Paragraph 214 of the second amended complaint is denied.

215.   Paragraph 215 of the second amended complaint is denied, except Defendants admit that they could have inspected Plaintiff's veins had Plaintiff not refused to cooperate as pleaded in Paragraph 110 of the second amended complaint and admitted by Defendants.

216.   Paragraph 216 of the second amended complaint is admitted.

217.   Paragraph 217 of the second amended complaint is denied, except Defendants admit that they were only able to obtain venous access in one location, rather than the two required for a lethal injection procedure.

218.   Paragraph 218 of the second amended complaint does not present factual allegations as it is a series of argumentative and conclusory statements. To the extent that an answer is required, this paragraph is denied.

219.   Paragraph 219 of the second amended complaint does not present factual allegations as it is an argumentative and conclusory statement. To the extent that an answer is required, this paragraph is denied.

220.   Paragraph 220 of the second amended complaint does not present factual allegations as it is a series of argumentative and conclusory statements. To the extent that an answer is required, this paragraph is denied.

221.   Defendants admit that Miller was asked if he would consent to having a mask fitted to his face during a previous deposition; however, the remainder of Paragraph 221 is denied. Nitrogen hypoxia is not a readily implemented and feasible

alternative method of execution until the Commissioner of the Alabama Department of Corrections determines that the Department is prepared to conduct executions employing that method.

222.   Defendants admit that the Alabama Department of Corrections has represented to the court that the agency is close to being prepared to conduct executions by means of nitrogen hypoxia.

223.   Defendants admit Paragraph 223 of the second amended complaint.

224.   Paragraph 224 of the second amended complaint is denied, except that Defendants admit that nitrogen hypoxia will not involve the use of needles.

225.   Paragraph 225 of the second amended complaint sets forth a legal conclusion that does not require a response from Defendants. To the extent that an answer is required, this paragraph is denied.

**DEFENSES**

A.   Count Five of the Second Amended Complaint is barred by the two-year statute of limitations.

B.   Miller is not entitled to equitable relief as to Count Five under the doctrine of laches.

C.   Plaintiff Miller has unclean hands and is not entitled to equitable relief.

**COUNT SIX**

226-230.     Count Six was dismissed by prior order of the court. No answer

is required as to these paragraphs of the second amended complaint.

<b>RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF</b>

Defendants deny that Plaintiff is entitled to any of the relief sought.

Respectfully submitted on this the 10th day of November, 2022.

STEVE MARSHALL
ATTORNEY GENERAL
BY—


*s/ James R. Houts*
James R. Houts
*Assistant Attorney General*


*/s Audrey Jordan*
Audrey Jordan
*Assistant Attorney General*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on November 10, 2022, I electronically filed the foregoing

with the Clerk of the Court using CM/ECF system, which shall cause an electronic

copy of the same to be served upon counsel for Plaintiff Miller:

James Bradley Robertson                  Kelly Huggins
brobertson@bradley.com                   khuggins@sidley.com

Daniel J. Neppl
dneppl@sidley.com

Marisol Ramirez
Marisol.ramirez@sidley.com

Stephen Spector
sspector@sidley.com


*s/ James R. Houts*
James R. Houts
*Assistant Attorney General*

ADDRESS OF COUNSEL:

Office of the Attorney General
Capital Litigation Division
501 Washington Avenue
Montgomery, AL 36130
Office (334) 353-1513
Fax (334) 353-8400
James.Houts@AlabamaAG.gov