## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ALAN EUGENE MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action: 2:22-cv-00506-RAH |
| | ) |
| JOHN Q. HAMM, Commissioner, | ) |
| Alabama Department of Corrections, et al., | ) **CAPITAL CASE** |
| | ) |
| Defendants. | ) |

## THE PARTIES' REPORT PURSUANT TO
## FEDERAL RULE OF CIVIL PROCEDURE 26(f)

Pursuant to Federal Rule of Civil Procedure 26(f), and this Court's order dated November 4, 2022 (Dkt. 110), Plaintiff Alan Eugene Miller and Defendants John Q. Hamm, Terry Raybon, and Steve Marshall submit the following report containing the parties' discovery plan. Counsel for the parties participated in a Rule 26(f) planning meeting on November 10, 2022, in advance of this submission.

**1. Synopsis of the Case**.

Plaintiff's Contentions: Mr. Miller alleges that Defendants are violating his constitutional rights by seeking to execute him again by lethal injection rather than honoring his statutorily-authorized election of nitrogen hypoxia. On November 4, 2022, the Court denied in part Defendants' motion to dismiss the Second Amended Complaint ("SAC"). *See* Dkt. 108. The following claims in the SAC are being actively litigated following that ruling:

- Count I – Violation of Mr. Miller's rights under the Due Process Clause of the 14th Amendment to the U.S. Constitution;

- Count II – Violation of Mr. Miller's rights under the Equal Protection Clause of the 14th Amendment to the U.S. Constitution (nitrogen hypoxia election claim);

- Count III – Violation of Mr. Miller's rights under the Equal Protection Clause of the 14th Amendment to the U.S. Constitution (Doyle Hamm claim); and

- Count V – Violation of Mr. Miller's rights under the Eighth Amendment to the U.S. Constitution

Mr. Miller requests, *inter alia*, the following forms of relief in this action: (i) judgment in his favor on each of the counts outlined above; (ii) an injunction requiring Defendants to honor Mr. Miller's nitrogen hypoxia election, and prohibiting Defendants from executing Mr. Miller by any method other than nitrogen hypoxia; and (iii) declaratory relief stating that Mr. Miller timely submitted his nitrogen hypoxia election in compliance with Alabama law, and that Defendants' refusal to honor Mr. Miller's election violates his constitutional rights.

Defendants' Contentions: Defendant Marshall contends that he is an improper defendant as to Counts I and V because no Article III case or controversy exists as to his official acts and due to the absence of redress under *Ex parte Young*, 209 U.S. 123 (1908). All defendants contend that Counts I and V are barred by the applicable two-year limitations period.

Defendants further contend that Count V fails to allege facts that implicate the Eighth Amendment. *See Bucklew v. Precythe*, 139 S. Ct. 1112 (2019). The facts alleged do not constitute the sort of objectively intolerable risk of harm that would qualify as cruel and unusual for constitutional purposes. *See Baze v. Rees*, 553 U.S. 35 (2008). Additionally, Miller has unclean hands – and thus is not entitled to injunctive relief under *Young* – because he interfered with ADOC efforts to assess his veins prior to the scheduled execution date. (Doc. 85, ¶ 110.) These facts have been pleaded and admitted (Doc. 115, ¶ 110.) Due to Plaintiff's actions, Defendants contend that ADOC is subjectively blameless for purposes of the Eighth Amendment. *Baze*, 553 U.S. at 50 (quoting *Farmer v. Brennan*, 511 U.S. 825, 846 n.9 (1994)).

As to Counts II and III, Defendants contend that the manner in which the State resolves pending litigation or issues in criminal matters is not the type of government regulation cognizable in a class-of-one equal protection claim. Further, Defendants contend that Miller is not similarly situated in all relevant aspects to his named comparators.

**2. Initial Disclosures**. The parties will serve the initial disclosures required by Rule 26(a)(1) by November 22, 2022. The parties agree to provide copies of all documents identified and/or disclosed pursuant to Rule 26(a)(1) contemporaneous with the disclosures. The parties agree the disclosures may be exchanged electronically via e-mail.

**3. Discovery Plan**. The parties propose the following discovery plan:

(a) **History of Discovery In This Case**. The parties first commenced discovery on September 6, 2022, in response to the Court's order requiring expedited discovery. *See* Dkt. 36. Mr. Miller served his first round of post-execution attempt discovery requests on October 7, 2022. *See* Dkts. 90-1, 90-2. Following the filing of the SAC, Mr. Miller moved for expedited discovery on October 17, 2022. *See* Dkt. 90. On October 20, 2022, the Court granted in part Mr. Miller's motion, requiring Defendants to respond no later than October 27 to all of Mr. Miller's Interrogatories (Dkt. 90-1), Requests for Production 9 and 10 (Dkt. 90-2 at 6), and other Requests for Production to the extent they seek documents or information covered by the Court's preservation orders (Dkts. 74, 76). *See* Dkt. 98 at 12.

The Court also required Defendants to begin gathering the information needed for responses to Requests for Production 1-8 and 11-15, and ordered Defendants to produce those responses within 48 hours of the Court's ruling on Defendants' motion to dismiss. *Id.* The Court

denied in part Defendants' motion to dismiss on Friday, November 4, 2022. Defendants responded to Requests for Production 1-8 and 11-15 on Monday, November 7.

(b) **Deadline for Fact Discovery**. The parties agree to that all documents and materials responsive to discovery requests in this matter will be produced no later than December 22, 2022, and that documents and materials will be produced on a rolling basis to the extent they are available. The parties further agree that all depositions of non-expert witnesses will be taken no later than January 27, 2023. The parties also agree that modifications to these deadlines and any other provision of this discovery plan may be necessary for any reason, including in the event the Alabama Supreme Court sets a second execution date for Mr. Miller. If the parties are unable to resolve any potential disputes relating to discovery, either party may seek relief from the Court.

(c) **Disclosure of ESI**. Disclosure or discovery of electronically stored information will be handled as provided by the Federal Rules of Civil Procedure. The parties shall provide native files with accompanying metadata for electronically stored information. The parties may produce hard copy or documents originally stored in PDF format in PDF format to the extent native files are unavailable. The parties shall not compile individual files into a single combined pdf file.

(d) **Privileged Information**. The inadvertent or unintentional disclosure of any attorney-client or otherwise privileged information or work product immunity protected information, shall not be construed to be a waiver, in whole or in part, of the parties' claims of privilege or work product immunity, either as to the specific attorney-client or otherwise privileged information or work product immunity protected information disclosed or as to other related information.

(e) **Electronic Service**. The parties agree to consent to electronic service of written discovery requests and responses.

(f) **Written Discovery**. The parties agree to the following with respect to interrogatories and requests for production of documents (collectively, "written discovery"):

i. Service of written discovery: Plaintiff and Defendants may serve on each other no more than 35 written interrogatories, including sub-parts. Subject to applicable objections, Defendants' responses to any written discovery shall include all responsive materials and information, as applicable, in the possession, custody or control of any of the Defendants, the Alabama Department of Corrections (the "ADOC"), and the Alabama Office of Attorney General (the "OAG"). Defendants shall not object to any discovery requests on the basis that Defendants do not have possession, custody, or control of the requested documents or information if such documents or information are in the possession, custody, or control of the ADOC or OAG. Notwithstanding the above, no party waives any other grounds for objections to discovery requests allowed by the Federal Rules of Civil Procedure. The parties agree that, with respect to responding to requests for production, they will use best efforts to produce copies of the documents contemporaneous with the responses. Either party may seek additional discovery for good cause shown, first by participating in a meet and confer to reach an agreement, and then, if necessary, by filing a motion with the Court.

ii. <u>Time to Respond to Written Discovery:</u> The parties shall respond to discovery requests within 14 days of service absent stipulation or court order.

(g) **Depositions**. Absent agreement of the parties or leave of Court, each side may take a maximum of 10 non-party, fact witness depositions. Depositions of parties and expert witnesses shall not count against this limit. Absent good cause, no document may be used in a deposition that has not been produced to opposing counsel in advance of the deposition. Additionally, the parties will confer in good faith before requesting that the Court allow additional depositions. Absent agreement of the parties or leave of Court, each deposition shall be limited to a maximum of one day of 7 hours, excluding break time. Depositions will not be conducted in any prison unless the deponent is currently incarcerated.

Plaintiff believes that 20 non-party, fact witness depositions are warranted. The parties agree to confer in good faith if Plaintiff believes additional depositions are necessary after reaching the agreed upon maximum of 10.

(h) **Disputes**. If a dispute regarding discovery should arise, the parties will first confer to resolve the dispute. If the parties cannot resolve the dispute, a party may file a motion before the Court consistent with Federal Rule of Civil Procedure 37(a)(1).

(i) **Experts**. Disclosures required under Rule 26(a)(2) shall be served on the following dates:

- From Plaintiff: One week following the deadline that all fact depositions must be taken

- From Defendants: Three weeks following the disclosure made by Plaintiff

- Rebuttal reports, if any: One week following any disclosure made by Defendants

(j) **Supplementation**. Each party shall provide timely supplementation to discovery responses as required by the Federal Rules of Civil Procedure.

(k) **Third-party subpoenas**. Third-party subpoenas will be handled according to the Federal Rules of Civil Procedure.

(l) **Protective Order**. The parties agree that they will follow all requirements set forth in the protective order to be entered by the Court, unless relieved of that obligation by a court during any appeal or extraordinary writ application. The parties further agree that any redactions made to documents or information will be cataloged in a redaction log, which will state the reason for the asserted redaction, and that any disputes that arise in connection with the protective order will be resolved in accordance with the applicable provisions in the order.

(m) **Privilege Log**. The parties agree that any documents or information withheld or redacted on the basis of any privilege or statute will be identified on an itemized privilege log that complies with Fed. R. Civ. P. 26(a)(5)(A) and the Middle District of Alabama's Local Rules, provided that no party is required to reveal information on the privilege log that is itself privileged.

The parties agree to confer in good faith in an effort to resolve any privilege disagreements before seeking Court intervention.

**5. Other Items:**

(a) Given the fluidity of this case, the parties do not recommend setting a pretrial conference date at this time.

(b) The deadline to amend pleadings or join parties without leave of Court shall be one week following the deadline that all fact depositions must be taken. In the event that any amendment requires reopening discovery, the parties agree to reopen discovery for the limited purpose of addressing the amendment and the time applicable to the reopened discovery will be proportional to the scope of the amendment.

(c) The parties suggest as a deadline for the filing of dispositive motions: Four weeks following the close of all fact depositions.

(d) On November 10, 2022, Defendants made a settlement offer in an effort to resolve this litigation. Counsel for Mr. Miller is currently reviewing the settlement offer and discussing it with Mr. Miller.

(e) The parties suggest that the deadline for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists be 30 days before the trial date.

(f) The parties suggest that objections to Rule 26(a)(3) filings shall be made by not later than 14 days before the trial date.

(g) Given the fluidity of this case, the parties do not recommend setting a trial date at this time. To the extent a trial date is set, the parties estimate that trial will take **3-5 days.**

Respectfully submitted this 14th day of November 2022.

*/s/ J. Bradley Robertson*
J. Bradley Robertson
Bradley Arant Boult Cummings LLP
One Federal Plaza
1819 5th Ave. N.,
Birmingham, AL 35203
Tel: (205) 521-8188
Fax: (205) 488-6188
Email: brobertson@bradley.com

Daniel J. Neppl
Kelly Huggins
Mara E. Klebaner
Stephen Spector

SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Tel: (312) 853-7000
Fax: (312) 853-7036
Email: dneppl@sidley.com
Email: khuggins@sidley.com
Email: mklebaner@sidley.com
Email: sspector@sidley.com

Marisol Ramirez
SIDLEY AUSTIN LLP
555 West Fifth Street
Suite 4000
Los Angeles, CA 90013
Tel: (213) 896-6000
Fax: (213) 896-6600
Email: marisol.ramirez@sidley.com

*Attorneys for Plaintiff Alan Eugene Miller*

*/s/ James R. Houts*
James R. Houts
*Assistant Attorney General*
Office of the Attorney General
501 Washington Avenue
Montgomery, AL 36130
Office (334) 353-1513
Fax (334) 353-8400
James.Houts@AlabamaAG.gov

Audrey Jordan
*Assistant Attorney General*
Office of the Attorney General
501 Washington Avenue
Montgomery, AL 36130
Office (334) 353-1513
Fax (334) 353-8400
Audrey.Jordan@AlabamaAG.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that, on November 14, 2022, I served a copy of the foregoing via the Court's CM/ECF system, which shall cause the same to be electronically transmitted to all counsel of record.

*/s/ J. Bradley Robertson*
J. Bradley Robertson
